Conshohocken Tube Company, Appellant, *v.* Iron Car Equipment Company, defendant, and the Philadelphia and Reading Railroad Company, and Edward M. Paxson, Elisha P. Wilbur and Joseph S. Harris, receivers and garnishees.

*Foreign attachment—Evidence—Question for jury.*

On the trial of an issue in a foreign attachment between the plaintiff and the garnishees to determine whether an admitted indebtedness by the garnishees is owing to the defendant in the attachment or to another who claimed it, the case is for the jury where the evidence shows that the garnishees had leased cars from the defendant through its agent, P., to whom the rental was to be paid, and that the defendant afterwards ordered materials from P. to make repairs to these cars; that the garnishees at the time of ordering these materials thought that they were ordering them from P. as the agent of the defendant, and that the garnishees supposed that the payments made to P. were made to him as agent of the defendant; that some of the bills were approved by the treasurer of the defendant, although one witness, whose evidence was obscure and contradictory, testified that the supplies were furnished to the garnishees by another person, for whom P. was acting as agent.

Argued Jan. 14, 1897. Appeal, No. 512, Jan. T., 1896, by plaintiff, from judgment of C. P. No. 3, Phila. Co., March T., 1894, No. 25, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Issue between plaintiff and garnishees on foreign attachment

to determine whether an admitted indebtedness by the garnishees was owing to the defendant or to another corporation.  Before FINLETTER, P. J.

The following contract was put in evidence by plaintiff :

> "Philadelphia and Reading Railroad Co., 227 S. Fourth St.
> "September 4th, 1890.

"L. G. MATTHEWS, Esq., Manager, Iron Car Equipment Co.,
  "41 Wall street, New York:

"Following up our conversation of this date, I have to say that I do not see how our company can afford to buy your cars now in our service at any price that would seem to be adequate to the obligations which I understand rest against them.  Nor do I see that our company could afford to make a permanent long time contract for the leasing of the cars except upon substantially this basis : We to pay for their use the current rate of mileage (the present rate being ¾ of a cent per mile) prevailing between railroad companies on cars interchanged upon the mileage actually made in the service; when cars are destroyed by us or upon our connecting roads, you are to accept settlement for the same under the Master Car Builders' rules.

"If such an agreement would be satisfactory to you and your principals, it is my opinion that it would be taken under thoughtful consideration by our president.  In the meantime it is my understanding that we have agreed that the cars shall remain in our service, we to pay ¾ of a cent a mile for actual mileage, giving you our guarantee of a minimum mileage of 7000 miles per car per annum, the arrangement to be terminable by either party on 60 days' notice in writing, and to go into effect immediately, we to make payment upon this basis monthly to Messrs. Post, Martin & Company, No. 45 Wall street.

"Kindly confirm this understanding by letter over your own signature, if you are in authority, or over the signature of the gentleman who is in authority, your President, I suppose.

"Yours very truly,

"(Signed)      J. D. CAMPBELL, Counsel.
"Approved, "(Signed)      A. A. McLEOD, President.

"Submitted to the President and Directors of the Iron Car Equipment Company, to Post, Martin & Company, and the

Central Trust Company, of New York, on the 4th day of September, 1890, and approved by all the parties in interest.

"The IRON CAR EQUIPMENT COMPANY,
"By (Signed)    A. N. MARTIN, President.
CENTRAL TRUST CO., of NEW YORK,
" (Signed)    POST, MARTIN & CO.,
"By (Signed)    E. C. SPALDING,
"EDWARD KENT, Agents."

Further facts appear by the opinion of the Supreme Court.

The court gave binding instructions for plaintiff for $156, and disallowed the balance of its claim: Verdict and judgment for plaintiff for $156.    Plaintiff appealed.

*Error assigned* was above instruction.

*Henry M. Tracy*, with him *D. Webster Dougherty*, for appellant.—Cited, as to the weight to be given Reynold's testimony: Grambs v. Lynch, 20 W. N. C. 376.

*R. C. Dale*, with him *J. S. Clark*, for appellees.

OPINION BY MR. JUSTICE McCOLLUM, April 26, 1897:

The Conshohocken Tube Company having a claim against the Iron Car Equipment Company issued a writ of foreign attachment for the collection of it and summoned the Philadelphia & Reading Railroad Company and its receivers as garnishees. The plaintiff having obtained judgment against the defendants proceeded in due course to ascertain whether the garnishees were indebted to the latter, and if so, in what amount. The garnishees in their answers to the interrogatories filed by the plaintiff admitted an indebtedness of $4,935.65 for railroad supplies furnished on orders sent to and apparently filled by the defendant, but they also stated in their answers that they were informed that the orders were in fact filled, and the money due for the supplies furnished on them was claimed by the Railroad Equipment Company.    Judgment was entered against the garnishees, and from it an appeal was taken to this court where the judgment was reversed " with instructions to the court below to discharge the rule for judgment against the garnishees and proceed to determine the right of the claimant, the Rail-

road Equipment Company, to the fund attached, by an issue to be tried before a jury : " Conshohocken Tube Company v. Iron Car Co., 167 Pa. 589.   On the trial of the issue thus directed the court below instructed the jury to " render a verdict for the plaintiff for the sum of one hundred and fifty-six dollars."   The case is now before us on appeal by the plaintiff, the Conshohocken Tube Company, from the judgment entered on the verdict.   The plaintiff contends that the issue involved a question of fact which should have been passed upon by the jury. This contention is well founded if the evidence warranted a verdict for a larger sum.   It is quite clear from the answers to the interrogatories and the testimony of Jones that the garnishees understood that the supplies were furnished by the Iron Car Equipment Company, and that the payments made to Post, Martin & Co. and to Post & Pomeroy on account were made to them as its agents.   The bill of April 4, 1893, for $156, and on which a recovery was allowed, was for supplies bought of the Iron Car Equipment Company and was paid by the receivers to Post & Pomeroy on August 30, 1894.   The bills rendered against the receivers under date of July 26, 1894, for supplies furnished in 1893, and amounting to the sum of $1,201.34, were made payable " to Post & Pomeroy Ac. the Iron Car Equipment Company " and approved by the treasurer of said company.   These bills considered in connection with the contract or agreement of September 4, 1890, between the Iron Car Equipment Co. and the Philada. & Reading Railroad Co., were certainly consistent with and corroborative of the understanding or belief of the garnishees that the supplies were furnished by the former.   Nothing appeared in any of the bills rendered for supplies to indicate that they were furnished by another company or party.   The only witness who testified in support of the claim of the Railroad Equipment Company to the fund attached was John D. Reynolds " who was a clerk in the office of Post, Martin & Co., who were succeeded by Post & Pomeroy."   His testimony was all there was in the case tending in any degree to show that the Railroad Equipment Company furnished any part of the supplies or was entitled to any part of the fund.   It was in some respects self contradictory and unsatisfactory.   As it was the only support of the only claim which denied the plaintiff's right to the fund it was

for the consideration of the jury, in connection with the evidence, tending to show that the supplies were furnished by and the money due on account of them belonged to the Iron Car Equipment Company at the time the fund was attached. The learned court below therefore erred in the instruction complained of.

Judgment reversed and venire facias de novo awarded.